IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CORDERO,

    Petitioner,                      No. CIV S-11-0242 DAD P

    vs.

McDONALD, Warden,              ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's February 2, 2011 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The court's own records reveal that petitioner has previously filed with this court a habeas petition challenging the same conviction which he seeks to challenge through this

/////

/////

/////

1

action. (See Case No. CIV S-10-1899 GEB DAD P).[1] In that earlier filed action, petitioner asserted three of the four claims for relief that he asserts in this action. Where a pro se petitioner files a new petition attacking a conviction before the district court has adjudicated the petitioner's earlier filed petition attacking the same conviction, this court is to construe the new petition as a motion to amend the pending petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

In Woods, a pro se petitioner had filed a habeas petition ("2003 petition"), challenging among other things the California Board of Prison Terms' decision to deny him parole. 525 F.3d at 887. Before the district court issued a ruling on the 2003 petition, the petitioner in that cases filed another pro se petition ("2004 petition") challenging, among other things, the Board of Prison Terms' alleged reclassification of him as a life prisoner. Id. The district court dismissed petitioner's 2004 petition as successive, pointing out that a court may not review a "second or successive" petition unless the petitioner has obtained authorization from the court of appeals. Id. at 888. The Ninth Circuit Court of Appeals reversed and, adopting a practice employed by the Second Circuit, stated as follows:

> The Second Circuit's logic applies with special force in the context of pro se litigants. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. If Woods had the benefit of counsel at the time he filed the instant petition, that counsel certainly would have filed the 2004 claims as an amendment to the 2003 petition. Accordingly, we follow the persuasive reasoning of the Second Circuit, and see no reason why its treatment of petitions filed under § 2255 and § 2241 should not extend equally to petitions filed under § 2254. Thus, we hold that the district court should have construed Woods's pro se habeas petition as a motion to amend his pending habeas petition. The district court then has the discretion to decide whether the motion to amend should be granted.
> (internal citations and quotations omitted)

Id. at 889-90. See also Ching v. United States, 298 F.3d 174 175 (2d Cir. 2002) (holding that "a

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion"); Grullon v. Ashcroft, 374 F.3d 137, 138 (2d Cir. 2004) (extending the holding in Ching to cover successive petitions filed under § 2241).

      Applying the Ninth Circuit's holding in Woods to this case, the court will construe petitioner's pro se petition filed in this action as a motion to amend his habeas petition pending before this court in Case No. CIV S-10-1899 GEB DAD P.  Of course, district courts have discretion to decide whether a motion to amend should be granted.  See 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); see also Woods, 525 F.3d at 890.  Whether petitioner should be allowed to amend his petition in Case No. CIV S-10-1899 GEB DAD P is a question that is properly resolved in that case.

## CONCLUSION

      IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

      IT IS HEREBY RECOMMENDED that:

      1. The Clerk of the Court be directed to refile petitioner's January 26, 2011 petition in his earlier filed action, Case No. CIV S-10-1899 GEB DAD P; and

      2. This action be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file

/////

/////

/////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 16, 2011.

  /s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cord0242.123